## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MICHAEL LEW,** | |
| **Plaintiff,** | **CIVIL ACTION NO. _____** |
| **v.** | |
| **10X WORKFORCE, LLC,** | **JURY TRIAL DEMANDED** |
| **Defendant.** | |

## COMPLAINT AND JURY DEMAND

Plaintiff Michael Lew, by and through his attorneys, Bell & Bell LLP, hereby files the following Complaint and Jury Demand ("Complaint").

## PRELIMINARY STATEMENT

1.      This is an action for an award of damages, attorneys' fees and other relief on behalf of Plaintiff Michael Lew, a former employee of 10X Workforce, LLC ("Defendant" or "10X"). Mr. Lew has been harmed by Defendant's failure to pay Mr. Lew minimum wage for his work and to retaliation for complaining about Defendant's failure to pay him lawfully required minimum wage, in violation of state and federal law.

2.      This action is filed pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), the Pennsylvania Minimum Wage Act, 34 Pa. C.S. §231 *et seq* ("PMWA") and the Pennsylvania Wage Payment and Collection Law, 43 Pa. C.S. §260.1 *et seq* ("WPCL").

## JURISDICTIONAL STATEMENT

3.      This Court has original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States pursuant to 28 U.S.C. §§ 1331 and 1391.

4. The jurisdiction of this Court is also invoked pursuant to 28 U.S.C. § 1343(4), which grants the District Court original jurisdiction in any civil action authorized by law to be commenced by any person to recover damages to secure equitable or other relief under any act of Congress providing for the protection of civil rights.

5. This Court has supplemental jurisdiction over any Pennsylvania state law claims pursuant to 28 U.S.C. § 1367.

## VENUE

6. This action properly lies in the Eastern District of Pennsylvania, pursuant to 28 U.S.C. § 1391(b).

7. This action properly lies in the Eastern District of Pennsylvania because the claims and significant activities associated with those claims arose in this judicial district, and Plaintiff was employed by Defendant in this judicial district.

## PARTIES

8. Plaintiff Michael Lew is an adult male citizen and resident of Yardley, Pennslyvania and the United States of America.

9. Defendant 10X is a nationwide staffing and recruiting company, with a primary location in Blue Bell, Pennsylvania.

10. Upon information and belief, at all relevant times, Defendant is and has been an employer employing more than 50 employees.

11. At all relevant times, employees of Defendant acted as agents and servants for Defendant.

12. At all relevant times, employees of Defendant were acting within the scope of their authority and in the course of employment under the direct control of Defendant.

2

13. At all times material hereto, Defendant acted by and through its authorized agents, servants, workmen and/or employees acting within the course and scope of their employment with Defendant and in furtherance of Defendant's business.

14. At all relevant times hereto, Plaintiff Michael Lew was an "employee" of Defendant within the meanings of the laws at issue in this suit and is accordingly entitled to the protection of said laws.

15. At all relevant times hereto, Defendant was an "employer" and/or "person" under the laws at issue in this matter and are accordingly subject to the provisions of said laws.

16. This cause of action arose out of transactions or occurrences that took place in whole or in part in the Eastern District of Pennslyvania.

17. Defendant does significant business within the Commonwealth of Pennsylvania.

18. This Honorable Court has jurisdiction over Defendant.

### FACTS

19. Mr. Lew was hired by Defendant on or about January 27, 2025.

20. Mr. Lew was hired by Defendant as a Business Development Manager.

21. Upon hiring Mr. Lew, Defendant informed him that his compensation would be entirely commission-based with an annual salary goal of $165,000.

22. Mr. Lew worked approximately 25-hours per week.

23. Mr. Lew's job duties did not include outside-company sales and he did not travel for his work. Mr. Lew worked almost entirely from his home in Yardley, PA.

24. After working for approximately six weeks, Mr. Lew noted that he had not received any wages or commission for his work.

3

25.     Mr. Lew was in an inside sales position, he was not subject to any exemption with respect to the requirement that he receive at least minimum wage for each hour worked.

26.     In early March 2025, Mr. Lew complained to Defendant and objected to the fact that he had not been paid at least minimum wage for the hours he had worked.

27.     This complaint was made both verbally and in writing.

28.     Mr. Lew complained to his supervisor and at least two partners of the firm.

29.     Immediately after his complaints, Mr. Lew faced retaliation.

30.     Defendant uninvited Mr. Lew from meetings and removed his permissions to access Defendant's systems.

31.     Immediately after Mr. Lew's most recent complaint – that same day - Defendant terminated him.

32.     Defendant provided no explanation for Mr. Lew's termination.

33.     Based on the foregoing, Defendant failed to pay Mr. Lew at least minimum wage in violation of the FLSA and PMWA.

34.     Defendant failed to pay Mr. Lew his earned wages in violation of the WPCL.

35.     Defendant retaliated against Mr. Lew complaining about Defendant's failure to pay minimum wages, in violation of the FLSA.

36.     Mr. Lew has suffered and continues to suffer mental anguish and severe emotional distress as a direct and proximate result of the actions and/or inactions of Defendant.

37.     Mr. Lew has suffered financial losses, which include, among other things, lost wages, and an obligation for attorneys' fees and costs of bringing suit, as a direct and proximate result of the actions and inactions of Defendant.

4

## COUNT I
### Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA")
### Failure to Pay Minimum Wage and Retaliation

38.        Plaintiff Michael Lew repeats and incorporates by reference the allegations of all preceding paragraphs as if fully set forth at length herein.

39.        Plaintiff worked approximately 25 hours per week for six weeks and was paid zero wages for this work.

40.        Defendant violated the Fair Labor Standards Act ("WPCL") when it failed to pay Mr. Lew at least minimum wage for his hours worked.

41.        Mr. Lew was not subject to any exception to the FLSA's minimum wage requirement.

42.        Defendant retaliated agasint Mr. Lew for his complaints about Defendant's violation of the FLSA.

43.        Defendant terminated Mr. Lew within one month of his first complaint and the same day as his most recent complaint.

44.        Defendant willfully violated the FLSA as it knew or should have known that its actions were in violation of the FLSA.

45.        As a direct and proximate result of Defendant's violations of the FLSA, Plaintiff has sustained a loss of earnings, liquidated damages, and interest due thereon, and has incurred attorneys' fees and costs.

## COUNT II
### Pennslyvania Minimum Wage Act
### Failure to Pay Minimum Wage and Retaliation

46.        Plaintiff Michael Lew repeats and incorporates by reference the allegations of all preceding paragraphs as if fully set forth at length herein.

5

47.      Plaintiff worked approximately 25 hours per week for six weeks and was paid zero wages for this work.

48.      Defendant violated the PA Minimum Wage Act ("PMWA") when it failed to pay Mr. Lew at least minimum wage for his hours worked.

49.      Mr. Lew was not subject to any exception to the PMWA's minimum wage requirement.

50.      Defendant retaliated agasint Mr. Lew for his complaints about Defendant's violation of the PMWA.

51.      Defendant terminated Mr. Lew within one month of his first complaint and the same day as his most recent complaint.

52.      Defendant willfully violated the PMWA as it knew or should have known that its actions were in violation of the PMWA.

53.      As a direct and proximate result of Defendant's violations of the PMWA, Plaintiff has sustained a loss of earnings, liquidated damages, and interest due thereon, and has incurred attorneys' fees and costs.

## COUNT III
### Pennsylvania Wage Payment and Collection Law, 43 Pa C. S. §260.1

54.      Plaintiff Michael Lew repeats and incorporates by reference the allegations of all previous paragraphs as if fully set forth at length herein.

55.      Defendant violated the Pennsylvania Wage Payment and Collection Law ("WPCL") when it failed to pay Mr. Lew his earned wages within the time specified by law.

56.      Mr. Lew was entitled to earn at least minimum wages for his time worked for Defendant.

6

57.     Despite this, Mr. Lew worked for Defendant for 25 hours per week for approximately six weeks, but was paid no wages for his time worked.

58.     At all relevant times, Defendant was a person and/or employer within the meaning of 43 Pa.C.S. § 260.2(a) of the WPCL.

59.     Defendant willfully failed to pay Mr. Lew his wages earned as defined by the WPCL during the course of his employment within the time limits prescribed by the WPCL.

60.     Defendant has failed to pay wages due for a period in excess of thirty (30) days beyond regularly scheduled paydays despite repeated requests by Mr. Lew, including through counsel.

61.     There is no good faith dispute that the aforementioned earned wages are due to Mr. Lew.

62.     As a direct and proximate result of Defendant's violations of the Pennsylvania Wage Payment and Collection Law, Plaintiff has sustained a loss of earnings, liquidated damages, and interest due thereon, and has incurred attorneys' fees and costs.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Michael Lew respectfully requests that this Court enter judgment in his favor and against Defendants and Order:

a. Appropriate equitable relief including reinstatement or front pay;

b. Defendant to compensate Plainitff for all hours that he worked as appropriate under federal and state law;

c. Defendant to compensate Plaintiff with a rate of pay and other benefits and emoluments of employment to which he would have been entitled had he not been subjected to retaliation;

7

d.  Defendant to compensate Plaintiff with the wages and other benefits and emoluments of employment lost because of Defendant's unlawful conduct;

e.  Defendant to pay Plaintiff punitive damages;

f.  Defendant to pay Plaintiff liquidated damages;

g.  Defendant to pay Plaintiff compensatory damages for future pecuniary losses, pain and suffering, inconvenience, mental anguish, loss of employment and other nonpecuniary losses as allowable;

h.  Defendant to pay Plaintiff's costs of bringing this action and her attorneys' fees;

i.  Plaintiff be granted any and all other remedies available pursuant to the FLSA, PMWA, and WPCL; and

j.  Such other and further relief as is deemed just and proper.

### JURY DEMAND

Plaintiff Michael Lew hereby demands trial by jury as to all issues so triable.


By: */s/ Christopher A. Macey, Jr.*
Christopher A. Macey, Jr., Esquire
Bell & Bell LLP
1617 John F. Kennedy Boulevard
Suite 1254
Philadelphia, PA 19103
(215) 569-2285

*Attorneys for Plaintiff Michael Lew*


Dated: July 7, 2026